# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

DAVID SCOGGINS,                                                                          PLAINTIFF,

VS.                                        CIVIL ACTION NO. 2:08CV032-P-A

BOSTON SCIENTIFIC CORPORATION,                           DEFENDANT.

## ORDER

This matter comes before the court upon Defendant Boston Scientific Corporation's motion to dismiss [10] this action pursuant to Fed. R. Civ. P. 12(b)(6) for failure to meet the three-year statute of limitations deadline. After due consideration of the motion and the responses filed thereto, the court finds as follows, to-wit:

The plaintiff alleges that on June 22, 2004, while undergoing a colonoscopy, the cautery machine utilized to remove polyps from the colon malfunctioned and sent a jolt of electricity into his colon, causing serious injuries.

On June 21, 2007, one day before the applicable three-year statute of limitations period ran, the plaintiff filed his complaint in the Circuit Court of DeSoto County, Mississippi in which he named as the sole defendant "Unknown Manufacturer of Cautery Machine." The primary cause of action asserted in the complaint is stated under the rubric of negligence, alleging that the defendant manufacturer of the cautery machine negligently designed, manufactured, constructed, assembled, inspected, and sold the machine to the hospital. On the same day he filed his complaint, the plaintiff also served Baptist Memorial Hospital - DeSoto with a subpoena *duces tecum* requesting the identity of the cautery machine manufacturer.

On October 15, 2007 the plaintiff filed a motion for leave to file an amended complaint and

for an extension of time to serve the defendant, which at that time the plaintiff believed to be Microvasive after Baptist Memorial identified the manufacturer as such. On December 14, 2007 the Circuit Court granted the plaintiff's motion to file an amended complaint.

On January 7, 2008 the plaintiff filed an Amended Complaint, naming Microvasive as the sole defendant.

On January 28, 2008 the plaintiff filed a Second Amended Complaint after discovering the proper defendant was Boston Scientific Corporation, and not Microvasive.

On February 15, 2008 Boston Scientific removed to federal court asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) given that Boston Scientific is a foreign corporation and the amount in controversy is well over the statutory minimum of $75,000.00.

On March 24, 2008 Boston Scientific filed the instant motion to dismiss the plaintiff's claim with prejudice for failure to file by the three-year statute of limitations period mandated by Miss. Code Ann. § 15-1-49. Although the original complaint was filed one-day before the limitations period began, Boston Scientific argues that the Second Amended Complaint naming them as the sole defendant does not relate back to the original complaint because the plaintiff did not exercise the required reasonably diligent inquiry into the identity of the manufacturer of the subject device.

The plaintiff counters that the complaint was timely filed within the statute of limitations period and the Second Amended Complaint relates back to the original complaint pursuant to Mississippi Rules of Civil Procedure 9(h) and 15(c)(2). Essentially, the plaintiff argues that the "reasonable diligent inquiry" test discussed by the defendant applies only to medical malpractice cases and not those based on negligent manufacture of medical devices.

In reply, the defendant argues that nowhere in the applicable case law do the Mississippi

2

Supreme Court and Court of Appeals limit the "reasonable diligent inquiry" test to medical malpractice actions. They argue that the Court of Appeals in *Gasparrini v. Bredemeier*, 802 So.2d 1062 (Miss. Ct. App. 2001), for example, did not involve medical malpractice and the Court applied the "reasonable diligent inquiry test." In this regard, the court agrees with the defendant.

> With regard to fictitious parties, Mississippi Rule of Civil Procedure 9(h) provides:
>
> When a party is ignorant of the name of an opposing party and so alleges in his pleading, the opposing party may be designated by any name, and when his true name is discovered the process and all pleadings and proceedings in the action may be amended by substituting the true name and giving proper notice to the opposing party.
>
> As to the relation back of amendments, Mississippi Rule of Civil Procdure 15(c)(2) provides

in pertinent part:

> Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by Rule 4(h) for service of the summons and complaint, the party to be brought in by amendment ... (2) ... An amendment pursuant to Rule 9(h) is not an amendment changing the party against whom a claim is asserted and such amendment relates back to the date of the original pleading.

"[I]n order for Rule 9(h) to apply, there must be a substitution for a true party name for a fictitious one [and] a proper amendment pursuant to Rule 9(h) will relate back to the date of the filing of the original complaint." *Bedford Health Properties, LLC v. Estate of Williams*, 946 So.2d 335, 341 (Miss. 2006).

As cited by the parties, the Mississippi Supreme Court in *Bedford* and *Doe v. Mississippi Blood Services, Inc.*, 704 So.2d 1016 (Miss. 1997), as well as the Court of Appeals in *Santangelo v. Green*, 920 So.2d 521 (Miss. Ct. App. 2006), applied a "reasonable diligent inquiry" test to

3

situations in which a plaintiff filed an original complaint naming fictitious defendants and then later filed an amended complaint adding new defendants seeking relation back pursuant to Rules 9(h) and 15(c)(2). These cases also require that the court is to strictly construe whether the inquiry was reasonably diligent. *Doe*, 704 So.2d at 1019 ("The trial court's review of whether the plaintiff exercised a reasonably diligent inquiry is to be strict.").

In all three cases the Court concluded that the plaintiff was not reasonably diligent in ascertaining the true identity of the parties. In *Bedford*, the Court concluded that with reasonably diligent inquiry, the plaintiff could have discovered the proper name of the nursing home since she visited it several times a month, the nursing home stood across the street from the church the plaintiff attended, and the plaintiff's deposition testimony revealed that she knew the proper name. In *Doe*, the Court held that the plaintiff was not reasonably diligent in determining the identity of the blood bank writing: "It is clear that the plaintiff and her deceased slept on their rights for more than seven years after learning of decedent's illness. They first made a telephonic inquiry as to the source of the contaminated blood on December 27, 1993, only five days prior to the running of the statute of limitations." *Doe*, 704 So.2d at 1019. In *Santangelo*, the Court of Appeals likewise concluded that the plaintiff was not reasonably diligent because the new defendant was her treating physician and her medical records would have revealed his identity.

*Doe*, *Bedford*, and *Santangelo* involved medical malpractice actions, and in all three instances, the plaintiff failed to actually substitute the names of the new defendants in the amended complaint for one or more of the original fictitious defendants in the original complaint. In all three cases the Court concluded that Rule 9(h) did not act to relate the amended complaint back to the original complaint for purposes of the statute of limitations period.

4

In *Gasparrini*, *supra*, however, the Court of Appeals held that the amended complaint did in fact relate back to the original complaint since the plaintiff actually substituted the name of the new defendant for the fictitious defendant in the original complaint and through reasonably diligent inquiry could not have determined the identity of the new defendant even though the plaintiff knew of the existence of the person. The Court of Appeals distinguished *Doe* and other similar cases by pointing out that the case at hand did not involve medical malpractice and no medical records were available.

After reviewing the parties' briefs in the instant case, this court concludes that, unlike the situations in *Bedford*, *Doe*, and *Santangelo*, the plaintiff in this case actually did substitute the name of the sole defendant for the sole fictitious defendant named in the complaint. The court must now determine whether the plaintiff made a reasonably diligent inquiry into the identity of the manufacturer of the cautery machine.

In *Bedford*, the Mississippi Supreme Court wrote: "This Court has ... acknowledged a reasonable diligence test when substituting unknown parties pursuant to M.R.C.P. 9(h). ...Reasonable diligence is a standard only for determining the efforts made to discover the true identity of a named fictitious party under Rule 9(h). ... The relation back privilege provided for fictitious parties under Rule 15(c)(2) requires the plaintiff to actually exercise a reasonably diligent inquiry into the identity of the fictitious party." *Bedford*, 946 So.2d at 342. As cited above, the court must strictly construe the reasonably diligent inquiry test.

Boston Scientific argues that the plaintiff failed to be reasonably diligent in identifying them as the manufacturer of the subject device because (1) the plaintiff waited three years less one day from the date of injury in June 22, 2004 before deciding to file suit and to begin ascertaining the

identity of the manufacturer of the cautery machine on June 21, 2007, (2) the plaintiff waited until October 15, 2007 to file a motion to amend the complaint after learning from Baptist Memorial that the identity of the manufacturer was Microvasive on or about July 12, 2007, (3) the plaintiff did not actually file the Amended Complaint until January 7, 2008, and (4) she did not correct the name of the defendant to Boston Scientific Corporation until January 28, 2008.

The court concludes that the plaintiff was reasonably diligent in his inquiry into the true manufacturer of the subject device. First, though the plaintiff filed one day before the three-year deadline, he in fact filed before the deadline. Second, the period between July 12, 2007 when the plaintiff discovered the identity of Microvasive from Baptist Memorial and October 15, 2007 when he filed a motion to amend the complaint was not unreasonably long. Third, though the plaintiff did not file his Amended Complaint until January 7, 2008, he was not given permission to do so from the Circuit Court until December 14, 2007. Fourth, the plaintiff was reasonably diligent in filing a Second Amended Complaint against Boston Scientific a mere three weeks after filing his Amended Complaint against Microvasive. All in all, the period of time between the filing of the original complaint on June 21, 2007 and the Second Amended Complaint on January 28, 2007 was a reasonable period of time given that the plaintiff did not know the true identity of the manufacturer, *i.e.*, Boston Scientific, until sometime between the Amended Complaint filed on January 8, 2007 and the Second Amended Complaint filed on January 28, 2007.

Thus, unlike the situations in *Bedford*, *Doe*, and *Santangelo*, the plaintiff in this case complied with the requirements that he actually substitute the new defendant for the fictitious defendant and that he conduct a reasonably diligent inquiry into the identity of the proper defendant.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Defendant Boston Scientific

Corporation's motion to dismiss [10] this action pursuant to Fed. R. Civ. P. 12(b)(6) is **DENIED**.

**SO ORDERED** this the 22nd day of April, A.D., 2008.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE