# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

DAVID SCOGGINS,                                                    PLAINTIFF,

VS.                                              CIVIL ACTION NO. 2:08CV032-P-A

BOSTON SCIENTIFIC CORPORATION,                                     DEFENDANT.

## FINAL JUDGMENT

This matter comes before the court upon Defendant Boston Scientific Corporation's motion to dismiss for failure to prosecute [30]. After due consideration of the motion, the court finds as follows, to-wit:

On June 10, 2008 the court entered an Order allowing the plaintiff's counsel to withdraw. The order gave the plaintiff 10 days from the entry of the order (*i.e.*, until June 19, 2008) to retain other counsel or to notify the court that he intends to proceed *pro se*, that is, to represent himself. The Order also warned that "failure to comply with the orders of this Court may result in sanctions, up to an including dismissal of the case."

The plaintiff has not notified the court whether he intends to retain counsel or proceed *pro se*.

The defendant filed the instant motion to dismiss for failure to prosecute on July 25, 2008. The plaintiff's deadline to respond to the motion expired on August 11, 2008. The plaintiff filed no response, nor has he otherwise contacted the court.

Federal Rule of Civil Procedure 41(b) provides: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any

1

dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits."

The Fifth Circuit Court of Appeals "has consistently held that Rule 41(b) dismissals with prejudice will be affirmed only upon a showing of a clear record of delay or contumacious conduct by the plaintiff, and where lesser sanctions would not serve the best interests of justice." *Rogers v. Kroger Co.*, 669 F.2d 317, 320 (5th Cir. 1982) (internal citations omitted).

The court concludes that the lesser sanction of dismissing this action without prejudice would serve the best interests of justice since the record does not show a long pattern of delay or contumacious conduct. Rather, it was not until after the plaintiff's counsel was allowed to withdraw on June 10, 2008 – a little over a month before the defendants filed the instant motion to dismiss – that the record was silent as to the plaintiff's participation.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) Defendant Boston Scientific Corporation's motion to dismiss for failure to prosecute [30] is **GRANTED**; therefore,

(2) All of the plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**; and

(3) This case is **CLOSED**.

**SO ORDERED** this the 12th day of September, A.D., 2008.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE